UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. WALKER,<br><br>             Plaintiff,<br><br>    v.<br><br>UNITED STATES FEDERAL GOVERNMENT,<br><br>             Defendant. | Case No. 1:24-cv-00857-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>ORDER DIRECTING CLERK TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>(Doc. 3)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.     Background**

Plaintiff Patrick D. Walker ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on July 25, 2024. (Docs. 1, 2.) On July 2, 2024, having reviewed Plaintiff's application to proceed *in forma pauperis* ("IFP"), the Court required Plaintiff to complete an IFP application, accurately, truthfully, and completely answering all questions, and shall file the form by no later than August 30, 2024 or to pay the $405.00 filing fee to proceed with this case. (Doc. 3.) The Court directed the Clerk of Court to mail Plaintiff a form IFP application. (*Id.*) The Court's order further noted that "No extension of time will be granted without a showing of good cause; and" "The failure to comply with this order may result in dismissal of this action, without prejudice." (*Id.* at 2.) The Court's order was returned as undeliverable on August 9, 2024.

1

**II.     Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times.  Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than October 10, 2024.  Plaintiff has failed to file a change of address or otherwise update the Court.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's orders, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

(9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (citation omitted). More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III. Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); L.R. 183(b).

The Court further DIRECTS the Clerk of Court to randomly assign a District Judge to this matter.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 11, 2024**         /s/ *Barbara A. McAuliffe*         
                                                                UNITED STATES MAGISTRATE JUDGE

3